Joseph K. Jones, Esq.
**JONES, CHULSKY & KESSLER, LLC**
330 Mounts Corner Drive, Suite 417
Freehold, NJ 07728
Phone: (877) 827-3395
Fax: (877) 827-3394
Attorneys for Plaintiff(s)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE HERSH, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| BUSINESS REVENUE SYSTEMS, INC., | |
| Defendant(s). | |

## LOCAL CIVIL RULE 10.1 STATEMENT

1.      The mailing addresses of the parties to this action are:

LAWRENCE HERSH
17 Sylvan Street, 102B
Rutherford, New Jersey 07070

BUSINESS REVENUE SYSTEMS, INC.
3208 Division Street
Burlington, Iowa 52601

## PRELIMINARY STATEMENT

2.      Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and

through his attorneys, alleges that the Defendant, BUSINESS REVENUE SYSTEMS, INC.

("BUSINESS REVENUE SYSTEMS") and JOHN DOES 1-25 their employees, agents and

successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt

Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.      Plaintiff is a natural person, a resident of Bergen County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      BUSINESS REVENUE SYSTEMS maintains an office at 3208 Division Street, Burlington, Iowa 52601.

8.      BUSINESS REVENUE SYSTEMS uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.      BUSINESS REVENUE SYSTEMS is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal

Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from BUSINESS REVENUE SYSTEMS (*See* **Exhibit A**), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a.   Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP

Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member.   These common questions of law and fact include, without limitation:

    i.     Whether the Defendants violated various provisions of the FDCPA;

    ii.     Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii.     Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv.     Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14.     A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16.     Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.     At some time prior to July 20, 2020, Plaintiff allegedly incurred a financial obligation to NEW JERSEY IMAGING NETWORK, LLC ("NEW JERSEY IMAGING").

19.     Plaintiff allegedly incurred the NEW JERSEY IMAGING obligation in connection with medical services and goods.

20.     The NEW JERSEY IMAGING obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21.     Plaintiff incurred the NEW JERSEY IMAGING obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22.     The NEW JERSEY IMAGING obligation did not arise out of a transaction that was for non-personal use.

23.     The NEW JERSEY IMAGING obligation did not arise out of a transaction that was for business use.

24.     The NEW JERSEY IMAGING obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     NEW JERSEY IMAGING and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26.     On or before July 20, 2020, the NEW JERSEY IMAGING obligation was referred to BUSINESS REVENUE SYSTEMS for the purpose of collection.

27.     At the time the NEW JERSEY IMAGING obligation was referred to BUSINESS REVENUE SYSTEMS the NEW JERSEY IMAGING obligation was past due.

28.     At the time the NEW JERSEY IMAGING obligation was referred to BUSINESS REVENUE SYSTEMS the NEW JERSEY IMAGING obligation was in default.

29.     Defendants caused to be delivered to Plaintiff a letter dated July 20, 2020, which was addressed to Plaintiff and sought a balance of $200.00 on the NEW JERSEY IMAGING obligation.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

30.     The July 20, 2020 letter was sent to Plaintiff in connection with the collection of the NEW JERSEY IMAGING obligation.

31.     The July 20, 2020 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32.     The July 20, 2020 letter was the initial written communication that Plaintiff received from Defendant.  No other written communication was received by Plaintiff from Defendant within five days of the July 20, 2020 letter.

33.     Upon receipt, Plaintiff read the July 20, 2020 letter.

34.     The July 20, 2020 letter stated in part:

> Unless you notify this office **in writing** within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. [emphasis added].

35.     Defendant's letter requires that all disputes made by Plaintiff and others similarly situated be in writing rather than verbal.

36.     A consumer may effectively make a dispute to a debt collector over the telephone, including notifying the debt collector that the consumer is the victim of identity theft.

37.     BUSINESS REVENUE SYSTEMS knew or should have known that its actions violated the FDCPA.

38.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

39.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)    Failing to provide the notices required under the FDCPA; and

(c)    Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

40.    Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*  VIOLATIONS

41.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

43.    Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

44.    Defendant's letters would cause the least sophisticated consumer to believe that all disputes to the debt collector had to be reduced to a written communication.

45.    The July 20, 2020 letter fails to properly inform the least sophisticated consumer of his or her rights as mandated by 15 U.S.C. § 1692g(a)(3).

46.    Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

47.    Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

48.    Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

49.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

50.     Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

51.     Defendant violated the FDCPA by overshadowing and/or contradicting the notice mandated by 15 U.S.C. § 1692g(a)(3).

52.     Defendant violated the FDCPA by requiring that all disputes be in writing even though 15 U.S.C. § 1692g(a)(3) does not require a written dispute.

53.     Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

54.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

55.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

56.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

57.     Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

58.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

59.     Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 15, 2021                              Respectfully submitted,

                                   By:     _s/ Joseph K. Jones_____
                                          Joseph K. Jones, Esq. (JJ5509)
                                          JONES, CHULSKY & KESSLER, LLC
                                          330 Mounts Corner Drive, Suite 417
                                          Freehold, NJ 07728
                                          Phone: (877) 827-3395
                                          Fax: (877) 827-3394
                                          *Attorneys for Plaintiff*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: July 15, 2021

<u>*s/ Joseph K. Jones*</u>
Joseph K. Jones, Esq. (JJ5509)
JONES, CHULSKY & KESSLER, LLC
330 Mounts Corner Drive, Suite 417
Freehold, NJ 07728
Phone: (877) 827-3395
Fax: (877) 827-3394
*Attorneys for Plaintiff*

# EXHIBIT

# A

**Business Revenue Systems, Inc**
PO Box 579
Burlington IA 52601-0579

 



03516

**If you would like to make a credit card payment online you may do so at www.brsi.net/paymybill**

Office: (800)947-3030

| AMOUNT DUE | STATEMENT DATE | FILE NUMBER | AMOUNT ENCLOSED |
|---|---|---|---|
| $200.00 | 7/20/2020 | ███678 | |

PLEASE WRITE THE FILE NUMBER IN THE MEMO SECTION OF YOUR CHECK

03516

Lawrence  Hersh

**Business Revenue Systems, Inc**
PO Box 579
Burlington  IA  52601-0579

BRSFWIN1-0779621-0000000-10374711-001-003655-#003521-7001-LTR 1NP1

**PLEASE DETACH AND RETURN THE TOP PORTION OF THIS STATEMENT WITH YOUR PAYMENT. RETAIN THE BOTTOM PORTION FOR YOUR RECORDS.**

Our File#:         ███678
Creditor:          NEW JERSEY IMAGING NETWORK, LLC
Creditor Account:  ███135
Amount Due:        $200.00

This agency has been retained by NEW JERSEY IMAGING NETWORK, LLC to collect your delinquent account balance. Their records indicate you owe the amount listed above.   Please remit payment in full or call to make arrangements.

Please use the enclosed envelope to send your payment.   If you would rather pay online, you may do so at www.brsi.net/paymybill or you may call us at 1-800-947-3030.

Unless you notify this office in writing within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.   If you notify this office in writing within thirty (30) days from receiving this notice that the debt or any portion thereof is disputed, this office will:   obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.   If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

This communication is from a debt collection agency attempting to collect a debt.   Any information obtained will be used for that purpose.

Office Hours: 8:00 a.m. - 5:00 p.m. Central
Business Revenue Systems, Inc. - 3208 Division St - Burlington, IA  52601 - (800)947-3030 or (319)754-9373